**Nos. 2017-1499, -1500, -1558, -1559**

# United States Court of Appeals for the Federal Circuit

ALLERGAN SALES, LLC,
*Plaintiff-Cross-Appellant,*

v.

SANDOZ INC., ALCON LABORATORIES, INC., AND ALCON RESEARCH, LTD,
*Defendants-Appellants.*

Appeal from the United States District Court
for the Eastern District of Texas in Case Nos. 2:12-cv-207 and
2:15-cv-347, Judge Rodney Gilstrap

**APPELLANTS' UNOPPOSED EMERGENCY MOTION
FOR EXPEDITED ORAL ARGUMENT**

| | |
|---|---|
| Bryan S. Hales | John C. O'Quinn |
| KIRKLAND & ELLIS LLP | Sean M. McEldowney |
| 300 North LaSalle | C. Alex Shank |
| Chicago, IL 60654 | KIRKLAND & ELLIS LLP |
| (312) 862-2000 | 655 15th St., N.W. |
| | Washington, D.C. 20005 |
| | (202) 879-5000 |

*Counsel for Appellants Sandoz Inc., Alcon Laboratories, Inc., and
Alcon Research, Ltd.*

July 5, 2017

# CERTIFICATE OF INTEREST

**1.   The full name of every party represented by us is:**
Sandoz Inc., Alcon Laboratories, Inc., and Alcon Research, Ltd.

**2.   The name of any real party in interest represented by us, and not identified in response to Question 3, is:**  None.

**3.   All parent corporations and any publicly held companies that own 10 percent or more of the stock of the parties represented by us are:**  Sandoz Inc. is a wholly owned subsidiary of Novartis AG, a publicly held company.  Alcon Laboratories, Inc. and Alcon Research, Ltd. are wholly owned, indirect subsidiaries of Novartis AG.  No publicly held company other than Novartis AG owns 10% or more of Sandoz Inc.'s, Alcon Laboratories, Inc.'s, or Alcon Research, Ltd.'s stock.  No publicly held company holds 10% or more of Novartis AG's stock.

**4.   The names of all law firms and the partners or associates that appeared for the parties now represented by us in the district court or are expected to appear in this Court (and who have not or will not enter an appearance in this case) are:**

<u>Kirkland & Ellis LLP</u>:  Liam P. Hardy, Alyse Wu, Kyle M. Kantarek, Daniel Forchheimer.

<u>Morrison & Foerster</u>:  David C. Doyle, Brian M. Kramer, Aramide O. Fields, James J. Cekola, John R. Lanham, Jessica Anne Roberts, Rachel Krevans, Parisa Jorjani.

<u>The Davis Firm</u>:  William E. Davis, III, Ryan B. Brown

## INTRODUCTION

Over the past decade, Allergan has asserted seven patents relating to glaucoma and/or ocular hypertension treatments against Sandoz. Only one of those patents—and the injunction based on it—now prevents Sandoz from obtaining final FDA approval to be able to offer patients a lower-cost generic alternative to Allergan's branded ophthalmic combination. To stay true to the Hatch-Waxman Act's aim of accelerating market entry of generic drugs that do not infringe a valid patent, and to avoid irreparable harm to competition, patients, and Sandoz, Sandoz requests that this Court schedule oral argument for the October 2017 session (October 2-6, 2017). Sandoz has already self-expedited noticing its appeals, filing its briefs, and delivering the Joint Appendix, and its request for argument during the Court's October session respects the conflicts identified by Allergan's counsel, who specifically indicated he is available for argument in October. ECF No. 43 (filed June 16, 2017). Allergan, thus, will not be prejudiced and represents it will not file any opposition to this motion.[1]

---

[1]     Sandoz specifically conferred with Allergan regarding the requested relief. Allergan stated as follows: "Allergan believes that it is unnecessary to seek oral argument earlier than the Court would schedule

## BACKGROUND

I. **Statutory context.**

This case arises under the Hatch-Waxman Act,[2] a "central purpose" of which "is 'to enable competitors to bring cheaper, generic . . . drugs to market as quickly as possible.'" *Teva Pharms. USA, Inc. v. Novartis Pharms. Corp.*, 482 F.3d 1330, 1344 (Fed. Cir. 2007). The Act accelerates the FDA approval process for generics by allowing them to file abbreviated new drug applications ("ANDAs"), piggy-backing on pioneer applicants' approval efforts and "thereby furthering drug competition." 21 U.S.C. §§ 355(j)(2)(A)(ii), (iv); *F.T.C. v. Actavis, Inc.*, 133 S. Ct. 2223, 2228 (2013).

Under the Act, when a previously-approved drug enjoys patent protection, the ANDA applicant must "certify" its belief that the relevant patents are invalid or not infringed, after which the patent-owner can sue for infringement. 21 U.S.C. § 355(j)(2)(A)(vii)(IV); 35 U.S.C. § 271(e)(2)(A). The Act encourages the parties to "reasonably cooperate in expediting [such] action." 21 U.S.C. § 355(j)(5)(B)(iii).

---

it in the ordinary course and takes no position on Sandoz's request. However, Allergan will not file any opposition."

[2]  Drug Price Competition and Patent Term Restoration Act of 1984, Pub. L. No. 98-417, 98 Stat. 1585.

## II.  The patents at issue.

Allergan has obtained several patents relating to treatments for reducing intraocular (eye) pressure ("IOP") in glaucoma or ocular hypertension patients, each involving fixed (i.e., mixed in the same bottle) combinations of two compounds—timolol and brimonidine.  Appx195-198(¶¶3-16); Appx209(¶52); Appx208(¶49).  U.S. Patent No. 7,323,463 claimed a fixed combination of 0.2% "brimonidine"/0.5% "timolol."  Appx2370-2371(9:11-13 and certificate of correction).[3]  Three related patents are asserted here—U.S. Patent Nos. 7,030,149, 7,320,976, and 8,748,425—each claiming the results of administering, twice daily ("BID"), fixed combinations of brimonidine and timolol.

## III.  Litigation history.

In 2007, the FDA approved Allergan's NDA for Combigan, a fixed combination of 0.2% brimonidine tartrate/0.68% timolol maleate.  Appx199(¶18); Appx222-223(¶82).  Sandoz filed an ANDA for a generic version of Combigan for treating glaucoma or ocular hypertension, and Allergan sued for infringement of the '463, '149, '976, and U.S. Patent No. 7,642,258.  Appx199-200(¶¶19-22).  The parties agreed on constructions

---

[3]  The claims originally flipped the words "brimonidine" and "timolol." This was subsequently addressed in a certificate of correction.

of "brimonidine" and "timolol" for that suit. Appx3304. On appeal, this Court found that the '463 patent's fixed combination was obvious. *Allergan, Inc. v. Sandoz Inc.*, 726 F.3d, 1286, 1291-93 (Fed. Cir. 2013). It affirmed the non-obviousness of claim 4 of the '149 patent, and did not reach the '258 and '976 patents' validity. *Id.* at 1294 n.2.

Sandoz amended its ANDA, removing the indication for treating glaucoma. Appx2320-2321. Allergan again sued, alleging infringement of the '149, '976, '258, and '425 patents. Appx204(¶38). Allergan also asserted newly issued U.S. Patent No. 8,133,890 in a separate action. Appx204(¶36). Sandoz counterclaimed for non-infringement and invalidity of the '890 patent and U.S. Patent No. 8,354,409. *Id.* The '890, '409, and '258 patents were ultimately dismissed. Appx204(¶38).

Allergan moved for summary judgment precluding Sandoz from seeking constructions of "brimonidine" and "timolol" different from the constructions in the earlier suit, and precluding Sandoz from challenging the validity of claim 4 of the '149 patent. Appx1585; Appx1594; Appx1679; Appx1685. The district court denied Allergan's motions. It found that the claim constructions were not "actually litigated" before. Appx1589-1591; Appx1596-1596. It also found that claim 4 of the '149

4

patent had not been litigated under the new constructions, and that the differences between Sandoz's original and amended ANDAs were "tangibly real and more than merely colorable." Appx1680-1684; Appx1686-1687.

The court held a bench trial on infringement and the validity of claim 4 of the '149 patent, claim 1 of the '976 patent, and all claims of the '425 patent. Appx205(¶39). Following that trial, the court found Sandoz does not infringe the '149 and '976 patents. Appx222-224(¶¶81-88); Appx264(¶10). It found, however, Sandoz infringes the '425 patent—whose claims require administering a fixed combination whose ingredients include 0.5% "timolol free base," Appx2388(9:10-11); Appx264(¶12)—even though Sandoz does not use "timolol free base" as an ingredient. Appx2702(79:19-25); Appx2612(115:9-13); Appx2786(163:23-25). The court rejected Sandoz's invalidity arguments. It entered identical final judgments in the related actions on December 30, 2016 and January 9, 2016, enjoining Sandoz. Appx64-86; Appx170-192.

Sandoz noticed its appeals on January 13 and January 17, 2017, and Allergan cross-appealed on January 27, 2017. On February 10,

5

Sandoz moved unopposed to modify the briefing schedule, which this Court granted. ECF Nos. 18, 19. Under the modified schedule, Sandoz filed its opening brief on March 1, ECF No. 22, Allergan filed its response and opening brief on April 10, ECF No. 25, Sandoz filed its reply and response on May 15, ECF No. 31, and Allergan filed its reply on May 30, ECF No. 35. Sandoz filed the Joint Appendix on June 6, paper copies of which the Court received on June 16. The same day, Allergan's counsel filed a letter indicating conflicts with this Court's August and September sessions, but indicating availability for October and November. ECF No. 43. Oral argument has not yet been scheduled.

## ARGUMENT

The fact that Sandoz is enjoined from launching a competing generic product that will lower costs to patients demonstrates there is good cause for expediting oral argument. Fed. R. App. P. 2; Fed. Cir. R. 27 Practice Note. Expediting oral argument aligns with a central purpose of the Hatch-Waxman Act: accelerated resolution of patent disputes to enable companies like Sandoz to bring lower-cost products to patients and the market to compete with brand-name drugs as quickly as possible.

*See* 21 U.S.C. § 355(j)(5)(B)(iii); *Proveris Scientific Corp. v. Innovasystems, Inc.*, 536 F.3d 1256, 1261 (Fed. Cir. 2008); *Teva*, 482 F.3d at 1344. This Court has recognized the particular importance of expedited review of judgments, like the one appealed from here, granting injunctive relief, precisely because they keep parties off the market. *See* Fed. Cir. R. 27 Practice Note; *Momenta Pharms., Inc. v. Amphastar Pharms. Inc.*, 457 F. App'x 929 (Fed. Cir. 2011); *cf. Tivo, Inc. v. Echostar Corp.*, No. 2009-1374, 2009 WL 1939175 (Fed. Cir. July 1, 2009).

While this appeal is pending, Sandoz stands to forgo profits that it could otherwise make, with no ability to obtain recourse. During the same period, Sandoz will also be irreparably harmed by the forgone goodwill it would otherwise accrue. *See Sanofi-Synthelabo v. Apotex, Inc.*, 470 F.3d 1368, 1381-82 (Fed. Cir. 2007). Of even broader significance, failure to expedite will *burden patients*, who will continue to pay higher prices. Courts have long recognized the importance of the public interest in analogous situations. *See Biovail Corp. v. FDA,* 448 F. Supp. 2d 154, 166 (D.D.C. 2006) ("[T]he public . . . has an interest in 'receiving generic competition to brand-name drugs as soon as is possible,'" and "'delay in the marketing of [the generic] drug could easily be against the public interest

7

in reduced prices.'") Here, the '425 patent is the only asserted patent that currently prevents Sandoz from obtaining FDA approval and providing patients with a lower-cost generic. As set forth in the now-completed briefing, Sandoz believes it has a strong case that the '425 patent is not infringed, obvious, or both, and that it will prevail in Allergan's cross-appeal. Sandoz requests oral argument be scheduled promptly for October 2017 to resolve those issues.

Expediting oral argument as requested will not prejudice Allergan. Sandoz's request respects Allergan's identified conflicts and asks for argument to be scheduled for the October session (October 2-6, 2017), for which Allergan's counsel has specifically indicated he is available. ECF No. 43. Nor does Sandoz's request impair the typical preparation time for oral argument that Allergan might otherwise anticipate. *See* Fed. Cir. R. 34 Practice Note ("Appeals are usually calendared for oral argument . . . within 2 months after the briefs and joint appendix are filed.").

Sandoz has already acted to expedite these proceedings. Because the district court entered final judgment on December 30, 2016 and January 9, 2017, in these related cases, Sandoz had until January 30, 2017 and February 8, 2017 to notice its appeals. Fed. R. App. P. 4(a)(1)(A). It

8

filed its notices weeks earlier. Because these appeals were docketed on January 19, Sandoz's opening brief was due March 20. Fed. Cir. R. 31(a)(1)(A). Under the briefing schedule Sandoz proposed and this Court granted, Sandoz filed its opening brief weeks earlier. Under the same schedule, Sandoz filed its reply and response brief a week earlier than it otherwise would have been required to under Fed. Cir. R. 31(a)(3)(A). And although the Court required delivery of paper copies of the Joint Appendix by June 19, Sandoz delivered those earlier too.

In short, Sandoz has absorbed the burden of the accelerated timeline in this appeal and does not seek to prejudice Allergan. But, consistent with the fact that it is barred from market entry by an injunction, Sandoz requests that argument not be delayed past October 2-6, 2017. That request is fair and consistent with this Court's scheduling of other appeals in analogous circumstances. *Momenta*, 457 F. App'x at 930 (placing case on the next available oral argument calendar after briefing was completed); *Tivo*, 2009 WL 1939175, at *1 (placing case on November calendar, if practicable, after ordering Joint Appendix due by September 4).

## CONCLUSION

For the foregoing reasons, Sandoz requests that oral argument in

this appeal be scheduled for the October 2-6, 2017 session.

July 5, 2017                                    Respectfully submitted,

                                                /s/ *John C. O'Quinn*

Bryan S. Hales                                  John C. O'Quinn
KIRKLAND & ELLIS LLP                            Sean M. McEldowney
300 North LaSalle                               C. Alex Shank
Chicago, IL 60654                               KIRKLAND & ELLIS LLP
(312) 862-2200                                  655 15th St., N.W.
                                                Washington, D.C. 20005
                                                (202) 879-5000

*Counsel for Appellants Sandoz Inc., Alcon Laboratories, Inc., and Alcon Research, Ltd.*

## **CERTIFICATE OF SERVICE**

On July 5, 2017, this motion was submitted to the Court through the CM/ECF system, and thereby served on all parties.

*/s/ Sean M. McEldowney*